STATE ex rel. CHARLES J. BERRYHILL v. ST. PAUL GASLIGHT COMPANY and Another.[1]

July 1, 1904.

Nos. 13,932—(140).

**Sale of By-Product.**

Defendant gaslight company is a corporation engaged in the business of manufacturing gas for use by the citizens of St. Paul. The gas is manufactured from soft coal, and one of the residual products thereof is coke, which the company accumulates in large quantities. It is not en-

[1] Reported in 100 N. W. 216.

gaged in buying, selling, or dealing in coke or other like fuel. It entered into a contract with defendant coal company, by which it agreed to sell and deliver to that company all its accumulations of coke, and specially agreed not to sell or dispose of the same, or any part of it, to any other person or company. It is *held* that, as the coke accumulated by the gaslight company is a mere incident—a by-product—resulting from the conduct of its principal business, the agreement to sell its entire output to defendant coal company was not an unlawful combination, nor a violation of any law of the state.

Appeal by plaintiff from an order of the district court for Ramsey county, Jaggard, J., sustaining a demurrer to the complaint. Affirmed.

*Charles J. Berryhill,* for appellant.

*A. E. Boyesen* and *How, Taylor & Mitchell,* for respondents.

BROWN, J.

Appeal from an order sustaining a demurrer to plaintiff's complaint.

The facts disclosed by the complaint are as follows: Defendant gaslight company is a corporation organized and existing under the laws of the state of Minnesota, and its business is that of manufacturing gas for use by the citizens of St. Paul. Defendant coal company is a corporation created under the laws of the state of Wisconsin, and engaged in the business of buying, handling, selling, and dealing in coal, coke, and other fuel, with a branch office at St. Paul, this state. Defendant gaslight company manufactures its gas from soft coal, and one of the residual products of such manufacture is coke, of which large quantities are annually accumulated. The complaint alleges that for the purpose of limiting, changing, and affecting its business the gaslight company made and entered into a contract with the coal company whereby the former agreed to sell to the latter its entire output of coke, thereafter accumulated, at a certain stipulated price per ton, and by the terms of the contract agreed not to sell or dispose of the same, or any part of it, to any other person, company, or corporation within the city of St. Paul or elsewhere. Further, that it was agreed by the terms of the contract that the market price of said coke so sold by the gaslight company to the coal company should be fixed and determined by the latter, and sold by it accordingly, and that, as a result, the coal company charges purchasers exorbitant rates and prices therefor. The complaint also alleges that this contract is in restraint of trade, and a

violation of the laws of the state. The relief demanded is that the gaslight company be required to exhibit its contract to the court, attach a copy thereof to its answer, to the end that it may be adjudged illegal and void and in restraint of trade; that the gaslight company be adjudged to have no right to sell its entire output of coke to the coal company, or to any other person, company, or corporation; and that the coal company has no right to purchase the same.

The learned trial court sustained a demurrer to the complaint, holding it not unlawful, and not an infringement of the rights of plaintiff or the public, for the gas company to sell and dispose of its entire accumulation of coke to the coal company; that the gaslight company owed no duty to the public to put its coke upon the market for sale to purchasers generally; that the accumulation of coke is an incidental result of its principal business—that of manufacturing gas—and it had a perfect right to sell and dispose of the same to one purchaser, or to give it away, as it thought proper.

We are of opinion that the case was correctly disposed of by the court below. The business of the gaslight company, as disclosed by its articles of incorporation, was that of manufacturing and selling gas, made from coal or other material, to be used for the purpose of lighting the city of St. Paul—its streets, public squares, buildings, manufactories, or houses therein situated. The articles do not authorize the corporation to engage in the business of buying, selling, or dealing in coke. It was not in fact engaged in that business, and is in no sense a competitor of the coal company. It has the undoubted legal right to dispose of its by-products—coke or any other commodity—in bulk to one purchaser, and in doing so violates no law prohibiting trusts or combinations. Counsel for plaintiff concedes that it could not be compelled to sell its coke, but insists that the moment the company voluntarily determined to do so it was bound to sell to all who desired to purchase. This position might be sound if the company were engaged in the business of buying, selling, or dealing in that commodity; but as its articles of incorporation do not authorize it to engage in that business, and as it is not engaged in it as a matter of fact, no rule or principle of law to which our attention has been called would justify the court in ordering a judgment and decree commanding it to enter into

ultra vires transactions. The authorities cited by appellant do not bear out his contention.

A distinction must be made between a corporation engaged in a particular line of business, which enters into a combination to dispose of all of its products to a competitor for the purpose of enabling the competitor to fix prices and control the markets, and one situated as defendant, which, in the course of its principal business, accumulates incidental thereto a by-product or commodity in which it does not deal. It is unimportant that the gaslight company is a public service corporation; the rule remains the same.

Order affirmed.